No. 28,884.

FRANK A. ARNDT, *Appellee*, v. THOMAS TAYLOR and THE STANDARD
OIL COMPANY, *Appellants*.

(282 Pac. 697.)

Opinion filed December 7, 1929.

*R. R. Vermillion, Earle W. Evans, Joseph G. Carey, W. F. Lilleston* and
*Henry V. Gott,* all of Wichita, for the appellants; *L. L. Stephens,* of Chicago,
Ill., of counsel.

*John W. Wood* and *James B. Wood,* both of Wichita, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff sued to recover damages sustained
by him by being arrested for having in his possession an automobile
with changed engine numbers, which automobile he had purchased
from the defendants. The defendants appeal from an order over-
ruling their demurrers to the petition of the plaintiff.

The allegations of the petition are that the defendant, the Stand-
ard Oil Company, a corporation of Indiana, was doing business in the
state of Kansas; that the plaintiff was employed by the Standard
Oil Company under the supervision of the defendant Taylor and in
such employment was driving a car furnished to him by the de-
fendants for his use; that he had an accident in which the car was
wrecked and as a result the defendants compelled the plaintiff to
purchase the car and gave to him a bill of sale showing that the car
was free and clear of encumbrances and that they were the owners
of the car; that the plaintiff had the car repaired; that some time
thereafter he was arrested and charged with having in his posses-
sion a car on which the engine numbers had been changed; that
without the knowledge of the plaintiff the engine numbers had been
changed before he purchased the car from the defendants; that the
defendants, when they sold the car to the plaintiff, knew the engine

numbers had been changed; that the defendants negligently, unlawfully, and maliciously sold the car to the plaintiff without informing him the engine numbers had been changed; that the bill of sale described the car by the changed engine number; and that the plaintiff sustained loss and damage by reason of his arrest, for which damage he has sued to recover.

In support of their demurrers the defendants argue that the plaintiff cannot recover because he was in possession of and driving a car with the engine numbers changed in violation of section 8-116 of the Revised Statutes. The plaintiff argues that the defendants knowingly and maliciously sold him the car with the engine numbers changed, and for that reason they are responsible for the plaintiff's having such a car in his possession. Under the allegations of the petition the defendants created the condition which they argue defeats the plaintiff's right to recover. They can defeat that right by showing that the allegations of the petition, or some of them, are not true, but they cannot defeat the plaintiff's right to recover by urging the condition which they created. The petition states a cause of action. The demurrers to it were properly overruled.

The judgment is affirmed.